IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUND EGG CO., INC.,

                      Plaintiff,                      ORDER

v.

                                                    11-cv-186-wmc

QUALITY EGG, LLC, d/b/a WRIGHT
COUNTY EGG, and ABC INSURANCE
COMPANY,

                    Defendants.

---

      In this civil action, plaintiff Lund Egg Co., Inc. pursues various state law claims for breach of contract, breach of warranties, and fraudulent misrepresentation against defendant Quality Egg, LLC. (Compl. (dkt. #1-3).) Lund Egg filed its complaint in St. Croix County Circuit Court. Quality Egg, LLC filed a notice of removal pursuant to 28 U.S.C. § 1441, on the basis that this court may exercise diversity jurisdiction to decide its claims pursuant to 28 U.S.C. § 1332(a)(1).[1] (Notice of Removal (dkt. #1.).) Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, Quality Egg, LLC, will be given an opportunity to file an amended notice of removal containing the necessary allegations to establish diversity jurisdiction.

---

[1] The first paragraph of defendant's notice of removal references 28 U.S.C. § 1331 and § 1367 as the basis for removal, but there are no federal claims which would give rise to jurisdiction pursuant to § 1331. Later in the notice, defendant states that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The court will assume that the initial reference to §§ 1331 and 1367 was in error, and that defendant wishes to remove this case pursuant to this court's diversity jurisdiction.

1

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Notice of Removal (dkt. #1) ¶ 5.) But for the latter to be true, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," defendant has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, defendant's notice of removal lacks *any* allegations regarding the names or the citizenship of any its members.

Instead, defendant alleges it is an "Iowa limited liability company." (Notice of Removal (dkt. #1) ¶ 5.) The Seventh Circuit instructs, however, that this information is

wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[2]

Before remanding this action for lack of subject matter jurisdiction, Quality Egg will be given leave to file within 14 days an amended notice of removal which establishes subject matter jurisdiction by alleging the names and citizenship of each member of its LLC. In alleging the LLC's citizenship, defendant should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until April 8, 2011, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 25th day of March, 2011.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge

---

[2] Plaintiff alleges in its complaint that Quality Egg, LLC's "home office" is in Galt, Iowa and also provides the name and address of Quality Egg's registered agent. (Dkt. #1-3) ¶ 2.)) But, this information is also not helpful in establishing Quality Egg's citizenship, and in turn whether there is diversity of the parties to establish subject matter jurisdiction in this court.