IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUND EGG CO., INC.,

                        Plaintiff,                        ORDER

    v.

                                                  11-cv-186-wmc

QUALITY EGG, LLC, WRIGHT
COUNTY EGG, and ABC INSURANCE
COMPANY,

                        Defendants.

---

      This is now the second time this court has had to address *sua sponte* a jurisdictional difficulty in the parties' pleadings. In its original complaint, Lund Egg described Wright County Egg as a business name for defendant Quality Egg, LLC. (Compl. (dkt. #1-3) ¶ 2.) In the recently-filed amended complaint, Lund Egg now captions Wright County Egg as a separate entity and indicates it is "a business name used for the production of, processing of, and sale of eggs which are produced on farms owned, in full or in part, by Austin J. DeCoster directly or by other entities or parties under his control." (Am. Compl. (dkt. #4) ¶ 3.) Lund Egg's allegations of the citizenship of Wright County Egg (assuming it is a separate legal entity) and/or DeCoster and other entities and parties (assuming they are the actual party or parties in interest) are insufficient to determine whether diversity jurisdiction now exists. The court, however, will give plaintiff an opportunity to file a second amended complaint containing the necessary allegations to establish diversity jurisdiction.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).

Here, defendant Quality Egg, LLC purported to remove this case pursuant to this court's diversity jurisdiction, and after prompting by this court provided evidence of actual diversity. (Am. Notice of Removal (dkt. #3) ¶ 7.) In its amended complaint, plaintiff has again muddled the existence of diversity. Plaintiff has seven days to file a second amended complaint setting forth sufficient allegations to establish the citizenship of Wright County Egg or other real party or parties of interest. Failing that, or in the event the second amended complaint filed suggests a lack of complete diversity, defendants may have seven additional days to respond with information showing why the case should not be remanded for lack of jurisdiction.

ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 13, 2011, to file and serve a second amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332;

2) if plaintiff fails to file a second amended complaint containing sufficient allegations, or the second amended complaint filed suggests a lack of complete diversity, defendants have until May 20, 2011, to respond with additional information showing why this case should not be remanded; and

3) failure of the parties to establish jurisdiction shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 6th day of May, 2011.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge